# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 4:14-CR-0291 |
| **BEVERLY HANNIBAL,** | : | (JUDGE MANNION) |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the February 3, 2016 motion of defendant Beverly Hannibal for bail pending her appeal from the denial of her petition to withdraw her guilty plea and from her sentence. (Doc. 75). The government filed its brief in opposition to the motion on February 9, 2016. (Doc. 77). Hannibal did not file a brief in support of her motion and the time within which to do so has expired. However, the court has considered the arguments included in her petition. Hannibal's petition will be **DENIED**.

On January 28, 2016, the court sentenced Hannibal to ten months in prison, followed by two years of supervised release, and a special assessment of $100. She had previously pled guilty to one count of health care fraud, in violation of 18 U.S.C. §1347. Specifically, Hannibal was convicted of fraudulently obtaining funds from Medicaid Home and Community Based Services Attendant Care Program ("waiver program") administered by the Pennsylvania Medicaid Home and Community Based Services Attendant

Care Program.[1] The court also ordered Hannibal to pay restitution in the amount of $43,614.65. (Doc. 71). Upon her request to self-surrender, the court ordered Hannibal to report to prison on March 1, 2016. Hannibal filed her timely notice of appeal on February 2, 2016. (Doc. 72). In her instant motion, (Doc. 75), Hannibal seeks to remain unconfined on bail pending her appeal subject to the same conditions of her pre-trial release from detention.

Hannibal's motion is filed pursuant to 18 U.S.C. §3143(b), which applies to bail pending an appeal. "The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established under the prior statute ...." United States v. Miller, 753 F.2d 19, 22-23 (3d Cir. 1985). Under 18 U.S.C. §3143(b), a defendant appealing her conviction may be released pending appeal only if a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-

---

[1]According to the Office of Inspector General Report of Investigative Activity, (Doc. 38-3), the waiver program is described as follows:

[Public Partnerships, LLC (PPL)] currently serves as the statewide Fiscal Employer Agent for the Commonwealth of Pennsylvania's [Waiver Program]. This program is designed to provide funding for services which enable individuals with physical disabilities the ability to remain in their own homes rather than institutions. The Waiver Program is funded by both the Federal and State Governments.

2

> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In Miller, 753 F.2d at 24, the Third Circuit stated that "the defendant now has the burden of proving if s/he seeks bail pending appeal" and that the court must find the following:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Hannibal contends that she satisfies all of the above criteria delineated in *Miller*. The government argues that Hannibal fails to meet the second, third and fourth prongs of the *Miller* test.

Initially, the court finds that Hannibal is not likely to flee and that she does not pose a danger to the community if she is released. The government concedes this. However, the court agrees with the government that Hannibal fails to show both that her appeal is not for the purpose of delay and that it raises a substantial question of law or fact likely to result in a new trial or a new sentence shorter than the anticipated duration of the appeal.

Regarding the second prong of the *Miller* test, the record shows that

Hannibal had a pattern of trying to continuously delay her case. On June 22, 2015, during Hannibal's guilty plea hearing, the court conducted an extensive colloquy and after she satisfied the court that her plea was knowingly, voluntarily, and intelligently entered, it was accepted. (Doc. 49, Doc. 51). A Pre-Sentence Investigation Report ("PSR") was ordered. Hannibal reviewed the PSR but, her appointed federal defender counsel was unable to properly review it with her "due to aborted attempted communications with Ms. Hannibal concerning the Presentence Report and sentencing proceedings." Hannibal then displayed a lack of confidence in her well respected and experienced counsel and on October 15, 2015, her counsel sought leave of court to withdraw from the case. (Doc. 56). The motion was granted and new counsel was appointed to represent Hannibal on October 19, 2015. (Doc. 57, Doc. 58).

The initial PSR was distributed to counsel and the defendant on September 1, 2015. (Doc. 55). The final PSR was filed on January 14, 2016, (Doc. 60), after most of the objections to the Report filed by Hannibal's original counsel were resolved. The court issued a notice scheduling a sentencing hearing for January 20, 2016. (Doc. 62). Hannibal filed a motion to continue her sentencing hearing on January 19, 2016, and the court granted the motion and re-scheduled the hearing for January 28, 2016. (Doc. 64). On January 26, 2016, the eve of her sentencing, Hannibal filed a motion

4

to withdraw her guilty plea. (Doc. 66). In the motion, Hannibal's new counsel represented that he did not file any additional objections to the PSR because Hannibal did not want to discuss any objections but rather only wished to discuss the withdrawal of her guilty plea during their first meeting. Counsel then stated that since his initial meeting with Hannibal, he scheduled five meetings with her to discuss any objections to the PSR and how she wished to proceed with her case. He stated that Hannibal missed three of the scheduled appointments and arrived late for the other two. After the second appointment, Hannibal agreed to provide updated medical records and additional objections to the PSR. Counsel then had to request a continuance of the January 20, 2016 sentencing. On January 22, 2016, after counsel rescheduled two different meetings with Hannibal, she did not provide documentation regarding objections to the PSR, rather she dropped off a written letter requesting counsel to file a motion to withdraw her guilty plea. Counsel filed the motion on January 26, 2016.

On January 28, 2016, per the prior order, (Doc. 67), the court heard argument on Hannibal's motion to withdraw her plea and denied the motion to withdraw. Hannibal then requested a continuance of her sentencing arguing that she wished to present evidence but was unprepared at the scheduled time of sentencing. According to Hannibal, she needed to present evidence she had to contradict the amount of loss claimed by the government through

proffered statements by Malik Hannibal and Alex Thomas about the amount of money each person received. The court found that Hannibal had ample notice of her sentencing hearing since at least January 19, that her hearing was already continued once, and that she had more than sufficient time to have her witnesses present at the hearing. The court found no merit to Hannibal's explanation as to why she was not prepared to proceed on January 28 and denied her second request for a continuance. In fact, on July 16, 2015, the court granted Hannibal's motion to issue a subpoena *duces tecum* for her employment records she sought for sentencing purposes and she could have also requested the issuance of subpoenas for witnesses to testify at her sentencing hearing at that time or in the 5 months that followed. (Doc. 54). Hannibal then had a fundamentally fair sentencing hearing on January 28 and it satisfied the requirements of the Due Process Clause.

No doubt, a criminal defendant must be afforded due process at a sentencing hearing. U.S. v. Ausburn, 502 F.3d 313, 322 (3d Cir. 2007) (citations omitted). "In particular, due process in criminal sentencing requires that a defendant receive notice of, and a reasonable opportunity to comment on, (a) the alleged factual predicate for his sentence, and (b) the potential punishments which may be imposed at sentence." Id. (citing United States v. Nappi, 243 F.3d 758, 763–64 (3d Cir. 2001). Significantly, Hannibal had an opportunity to rebut facts she believed were erroneous and she had the

6

opportunity to challenge the accuracy of the government's evidence. See Fed.R.Crim.P. 32; Nappi, 243 F.3d at 763. Further, as discussed below, there was no prejudice to Hannibal by denying her another continuance since it did not affect the outcome of her sentencing.

In light of the above, the court finds that Hannibal had an extensive record of deliberately trying to delay at each step of her criminal proceeding, often frustrating efforts by her own counsel, and that her instant appeal is based of the same pattern and is primarily for the purpose of further delay.

Regarding the third *Miller* element, the court finds that the Hannibal's appeal does not raise a substantial question of law or fact. "A 'substantial question' is one that is both 'significant' and 'either novel, which has not been decided by controlling precedent, or which is fairly doubtful.'" U.S. v. Johnson, 2010 WL 1688547, *2 (E.D. Pa. April 26, 2010) (citing Miller, 753 F.2d at 23). A significant question is one where the defendant has shown that the issue is "debatable among jurists", that a court could resolve the issues in a different manner, or that the question is "adequate to deserve encouragement to proceed further." U.S. v. Smith, 793 F.2d 85, 89 (3d Cir. 1986) (citations omitted). The decision as to whether a question is substantial "must be determined on a case-by-case basis." Id. (citations omitted).

As stated, the court conducted a thorough guilty plea colloquy at the change of plea hearing with Hannibal and her former counsel present, as well

7

as a thorough sentencing hearing with Hannibal testifying and represented by her current counsel. The evidence indicated that Hannibal's nephew, Malik Hannibal, and her male friend, Alex Thomas, cared for her while she was sick, *via* the waiver program. As Hannibal's direct medical care providers, her nephew and male friend received compensation from the federal waiver program. The indictment charged her with submitting false time sheets with respect to hours when her nephew and her male friend were reported as providing her with care. The indictment also charged that Hannibal received and kept improper payments from the federally subsidized waiver program made to her nephew and friend. After the government summarized the facts supporting the indictment at her change of plea hearing, Hannibal confirmed the factual summary.

As the government points out in its current brief, (Doc. 77, at 7-8), Hannibal admitted her guilt at the change of plea proceeding, and "she does not [now] contend that her guilty plea was involuntary, or that the judgment of conviction is otherwise infirm." The government also states that Hannibal "does [not] assert any procedural defect in the sentencing process or any legal or factual consideration not already considered by this Court in imposing sentence in this case." The court agrees with the government and finds that neither Hannibal's appeal of the denial of her request to withdraw her guilty plea nor her appeal of her sentence raise any issues that are "fairly debatable

among jurists of reason." Thus, her appeal does not raise any substantial question.

With respect to the fourth *Miller* element, the court finds that the Hannibal's appeal is not "likely to result in a reversal, an order for a new trial, an elimination of her sentence of imprisonment, or a reduction of the term of imprisonment to a period less than the time already served plus the expected duration of the appeal process." U.S. v. Johnson, 2010 WL 1688547, *3. Hannibal essentially seeks to argue on appeal that she should have received a shorter term of incarceration.

Prior to the sentencing hearing, the objections to the PSR were considered, including Hannibal's objection to the amount of loss to the government and to the criminal history category. The court overruled Hannibal's objections and found that the credible evidence of the amount of loss to the government was $43,614.65 and found a criminal history category of III, two points higher than Hannibal requested. Hannibal's sentencing hearing was then conducted. Hannibal's offense level was 10, criminal history category III resulting in a suggested Guideline range of 10-16 months. The court sentenced Hannibal to a 10-month term of confinement which was within that range. Had the court found the loss to be less than $40,000, Hannibal's sentence still would have been within the resulting 6-12 month Guideline range. Notably, this sentence was also within the 4-10 month

Guideline range had the court also reduced her criminal history category to I as Hannibal had sought. Finally, the court stated on the record as follows:

> I also note for the record that had I agreed with counsel that the restitution amount was less than $40,000, that the recommended guideline range would then be a criminal history category[2] of eight and a guideline range of six to 12 months; that under those circumstances I would impose the same sentence that I'm imposing in this particular instance, so there would be no difference in the sentence based upon that.

As such, there was no prejudice to Hannibal.

The court gave a thorough consideration to all issues raised at sentencing, and "imposed a reasonable sentence likely to be upheld upon appellate review." U.S. v. Johnson, 2010 WL 1688547, *3. As stated, the court imposed a Guidelines range sentence that would have been within the range for the calculation of the amount of the loss advocated by Hannibal. *See* Rita v. United States, 551 U.S. 338, 347, 127 S.Ct. 2456 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."); United States v. Goff, 501 F.3d 250, 257 (3d Cir. 2007) (The *Rita* case "supports our prior instruction that 'a within-guidelines range sentence is *more likely* to be reasonable than one that lies outside the advisory guidelines range[.]'") (citation omitted) (emphasis original).

---

[2]It is clear that the court meant an offense level of 8, not a criminal history category of 8 as there is no such criminal history category.

Accordingly, Hannibal failed to establish that her motion for bail pending appeal should be granted under 18 U.S.C. §3143(b).

## III. CONCLUSION

Based on the foregoing, defendant Hannibal's motion for bail pending appeal, (Doc. 75), is **DENIED**. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 23, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2014 CRIMINAL MEMORANDA\14-0291-02.wpd